**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| FACTOR2 MULTIMEDIA | : | | |
| SYSTEMS, LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-133 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 16, 17, 18, 29 |
| | : | | |
| TIKTOK INC., | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT'S MOTIONS TO SEAL; GRANTING DEFENDANT'S MOTION TO
TRANSFER; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Factor2 Multimedia Systems, LLC ("Factor2") is a Virginia-based non-practicing

corporation that owns six patents related to two-factor verification. Factor2 sued TikTok Inc.

("TikTok") alleging direct and indirect patent infringement. TikTok has moved to transfer this

action to the United States District Court for the Northern District of California under 28 U.S.C.

§ 1404. For the reasons discussed below, the Court will grant TikTok's motion to transfer. The

Court also grants TikTok's uncontested motions for leave to file certain documents under seal.

## II. BACKGROUND

Factor2 owns U.S Patent Nos. 8,281,129; 9,703,938; 9,870,453; 10,083,285; 9,727,864;

and 10,769,297 (the "asserted patents"), all of which are members of "the same patent family."

Second Am. Compl. ¶¶ 1–2, 20, ECF No. 10. At a high level of generality, the patents provide

for a system of authenticating a computer user's identity by using a second computing device

and a temporary code. *See id.* ¶¶ 14–22. Colloquially this technology is known as two-factor (or

dual-factor) authentication, or two-step verification.  The asserted patents constitute "the computer equivalent of the security provided by a safety deposit box: the individual's key alone can't open the safety box, and neither can the bank's key; both parties need to make use of both keys at the same time in order to open the safety box."  *E.g.*, Ex. 1 to Am. Compl. at 11, ECF No. 6-1.

TikTok operates a popular video-sharing platform that uses two-factor authentication.  Second Am. Compl. ¶ 3, ECF No. 10; Decl. of Brian O'Connor in Supp. of TikTok Inc.'s Mot. Transfer Under 28 U.S.C. § 1404 ("O'Connor Decl.") ¶ 5, ECF No. 17-2.  TikTok's principal place of business is Culver City, California, though it maintains offices across California and has one office in Washington, D.C.  O'Connor Decl. ¶ 6; *see also* Second Am. Compl. ¶ 4.  TikTok's application and back-end system are developed, implemented, tested, maintained, and distributed in the Northern District of California.  O'Connor Decl. ¶¶ 7, 9.  Factor2 is headquartered in Clifton, Virginia, and was indirectly assigned the asserted patents by the named inventors, Nader and Kamran Asghari-Kamrani, who also live in Clifton, Virginia.  Decl. of Eric K. Gill in Supp. of TikTok Inc.'s Mot. Transfer Under 28 U.S.C. § 1404 ("Gill Decl.") ¶¶ 2–5, ECF No. 17-3; Ex. 1, ECF No. 18-4; Ex. 2, ECF No. 18-5; Ex. 3, ECF No. 18-6; Ex. 4, ECF No. 18-6; *see also* Second Am. Compl. ¶ 3.

On January 16, 2024, Factor2 brought this lawsuit alleging twelve counts of patent infringement against TikTok and a Chinese company, Bytedance, Inc.  Compl. ¶¶ 36–108, ECF No. 1.  Factor2 later filed a second amended complaint dropping the counts against Bytedance.  *See generally* Second Am. Compl.  TikTok moved to transfer this action to the Northern District of California.  *See* Def. TikTok Inc.'s Mot. Transfer Under 28 U.S.C. § 1404, ECF No. 18.  It also moved to file parts of the transfer motion under seal.  Def. TikTok Inc.'s Mot. for Leave to

File Under Seal ("First Mot. Seal"), ECF No. 17. Factor2 filed an opposition to the motion to transfer, Pl.'s Opp'n to Def.'s Mot. Transfer Venue Under 28 U.S.C. § 1404 ("Pl.'s Opp'n"), ECF No. 27, and TikTok filed a reply that it has also moved to file under seal. Def. TikTok Inc.'s Unopposed Mot. for Leave to File Under Seal ("Second Mot. Seal"), ECF No. 29; TikTok Inc.'s Reply in Supp. of Mot. Transfer ("Def.'s Reply"), ECF Nos. 29-1 (sealed), 30 (unsealed). Factor2 has not opposed either motion to seal. Finally, the parties jointly requested a hearing on the motion to transfer. *See* Joint Mot. Requesting Oral Hearing on Mot. Dismiss and Mot. Transfer, ECF No. 28. The motion to transfer is thus ripe for review.[1]

### III. LEGAL STANDARDS

#### A. Motion to Transfer

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision to transfer a case is discretionary, and a district court must conduct "an individualized, 'factually analytical, case-by-case determination of convenience and fairness.'" *New Hope Power Co. v. U.S. Army Corps of Eng'rs*, 724 F. Supp. 2d 90, 94 (D.D.C. 2010) (quoting *SEC v. Savoy Indus. Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978)). The moving party "bears the burden of establishing that the transfer of th[e] action is proper." *Greater Yellowstone Coal. v. Bosworth*, 180 F. Supp. 2d 124, 127 (D.D.C. 2001) (citation omitted).

---

[1] TikTok also moved to dismiss the complaint under Rule 12(b)(6). Def. TikTok Mot. Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 16. Though that motion is fully briefed, the Court does not address it in granting the motion to transfer. *See* Pl.'s Opp'n to Rule 12(b)(6) Mot. Dismiss, ECF No. 26; Def. TikTok's Reply in Supp. of its Mot. Dismiss, ECF No. 31. That motion is denied without prejudice to be re-filed in the transferee District upon transfer.

As a threshold matter, a district court must determine that the proposed transferee court is located "in a district where the action might have been brought." *Fed. Housing Fin. Agency v. First Tenn. Bank Nat'l Ass'n*, 856 F. Supp. 2d 186, 190 (D.D.C. 2012) (quotation omitted). That means the transferee court must have personal jurisdiction over the defendant and must be a proper venue. *Virts v. Prudential life Ins. Co. of Am.*, 950 F. Supp. 2d 101, 104 (D.D.C. 2013). A court also considers six private and three public interest factors:

> The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses . . . , but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee[ ] [court's] familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

*Smith v. Yeager*, 234 F. Supp. 3d 50, 55 (D.D.C. 2017) (quoting *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 71 (D.D.C. 1998)).

## B. Motions to File Under Seal

The "right of public access to judicial records 'is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch.'" *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017)). There is thus a "'strong presumption in favor of public access to judicial proceedings,' including judicial records." *Id.* (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). Courts in this Circuit apply "a six-factor balancing test [to] determin[e] whether documents should be sealed," known as the *Hubbard* test. *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 57 (D.D.C. 2009). The six *Hubbard* factors are:

(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc.*, 865 F.3d at 665 (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409

(D.C. Cir. 1996)).

## IV.  ANALYSIS

### A.  Motion to Transfer

TikTok has moved to transfer to the Northern District of California because that district is "[t]he center of gravity for this patent infringement action" and because "[t]his case has no ties to Washington, D.C."  Def. TikTok Inc.'s Memo. of P. & A. in Supp. of its Mot. to Transfer Under 28 U.S.C. § 1404 ("Mot. Transfer") at 1, ECF No. 17-1.  Upon considering the relevant factors, the Court agrees.

#### 1.  Personal Jurisdiction and Venue

First, the Court is satisfied that the Northern District of California is a proper venue for this action and that it would have personal jurisdiction over TikTok.  28 U.S.C. § 1400(b) provides that in patent infringement actions, venue is proper "in the judicial district where the defendant resides."  For domestic corporations, "reside[nce]" refers "to the State of incorporation."  *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 581 U.S. 258, 267–8 (2017).  TikTok is undisputably incorporated in California, *see* O'Connor Decl. ¶ 6 *and* Second Am. Compl. ¶ 4, so the Northern District of California is an appropriate venue.  That court would also have personal jurisdiction over TikTok because TikTok affirmatively consents to such jurisdiction.  *See* Mot. Transfer at 11 n.5; *In re Sealed Case*, 932 F.3d 915, 922 (D.C. Cir. 2019)

(discussing how a defendant may consent to personal jurisdiction). Factor2 does not argue

otherwise. *See generally* Pl.'s Opp'n.

2. Private Interest Considerations

Turning to the six private interest considerations, the Court concludes that on balance

they support transfer. The Court evaluates each factor in turn.

First is the plaintiff's choice of forum. Though courts generally defer to a plaintiff's

choice, "that deference is not always warranted 'where the plaintiff's choice of forum has no

meaningful ties to the controversy.'" *Jimenez v. R & D Masonry, Inc.*, No. 15-cv-1255, 2015

WL 7428533, at *3 (D.D.C. Nov. 20, 2015) (quoting *Trout Unlimited v. U.S. Dep't of Agric.*,

944 F. Supp. 13, 17 (D.D.C. 1996)). Courts also generally give less deference when the forum is

not the plaintiff's home. *See New Hope Power Co. v. U.S. Army Corps of Eng'rs*, 724 F. Supp.

2d 90, 95 (D.D.C. 2010). Factor2 has no apparent connection to the District of Columbia. *See*

Pl.'s Opp'n at 5. Nor does the underlying controversy. The development, testing, and

maintenance of TikTok's two-step verification system occurs in the Northern District of

California and China. O'Connor Decl. ¶¶ 7, 9–13. Factor2 does not allege that TikTok's D.C.-

based employees have any knowledge of or information about the technology at issue in this

case. Def.'s Reply at 3. As the Federal Circuit has explained, the important consideration is

whether there are "significant connections between a particular venue and *the events that gave*

*rise to a suit*." *In re Apple, Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (emphasis in original)

(quoting *In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Factor2's choice of

forum is therefore entitled to little weight.[2] *See Cyph, Inc.v. Zoom Video Commc'ns, Inc.*,

---

[2] Factor2 argues that a court's analysis of the first private interest factor is different in
patent infringement actions, but it points to no case law in support of that position. *See* Pl.'s

6

No. 21-cv-03027, 2022 WL 1184894, at *2–3 (D. Colo. Jan. 27, 2022) (holding that plaintiff's choice of forum in patent infringement case is afforded little weight where neither the plaintiff nor the underlying facts have ties to the district).

Next is the defendant's choice of forum, which is entitled to particular consideration when the defendant "has a substantial connection to its chosen forum" and when "the weight of the plaintiff's choice is comparatively weak." *Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 31 (D.D.C. 2013) (internal quotation omitted).  TikTok has a substantial connection to its chosen forum because it has multiple offices and over one thousand employees in the Northen District of California.  O'Connor Decl. ¶ 6.  That district is also where TikTok's application and back-end system are developed, implemented, tested, maintained, and distributed.  *Id.* ¶¶ 7, 9–13.  In addition, two of TikTok's third-party distributors are headquartered in the Northern District of California.  *Id.* ¶ 20.  Again, none of the underlying events giving rise to this claim took place in the District of Columbia.  Because TikTok has "legitimate reasons" for preferring the Northern District of California, *see Greater Yellowstone Coal.*, 180 F. Supp. 2d at 129, this factor weighs in favor of transfer.

The third private transfer factor is whether the claim arose elsewhere.  If the material events that form the factual predicate of a plaintiff's claim did not occur in the plaintiff's chosen forum, transfer is favored.  *See Tower Labs., Ltd. v. Lush Cosms. Ltd.*, 285 F. Supp. 3d 321, 326 (D.D.C. 2018).  That is the case here.  As explained, TikTok's application, including its two-step verification feature, is developed mainly in the Northern District of California, not D.C.  And "[i]n a patent case, the locus of operative facts usually lies where either the patent-in-suit or the

---

Opp'n at 4–5; *see also* Def.'s Reply at 1–4 (characterizing Factor2's position as unsupported and legally incorrect).

allegedly infringing product was designed, developed, and produced." *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 400 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). There is nothing in the pleadings suggesting that the asserted patents were developed in the District of Columbia. Factor2 is wrong that because TikTok "operates its business in this district [it] necessarily means that the claim arose here." Pl.'s Opp'n at 6. TikTok's D.C.-based employees have no connection to "the technical functionality of the accused product." Def.'s Reply at 5. This factor therefore also favors transfer.

Next the Court evaluates the convenience to the parties. The Northern District of California is much more convenient for TikTok because TikTok is a California corporation and the vast majority of its employees who are relevant to and "involved in the technical design, research and development, testing, or maintenance related to two-step verification" are based in California. O'Connor Decl. ¶¶ 6–7, 9. None of the relevant TikTok personnel are based in the District of Columbia. *Id.* For TikTok, keeping this case in this District would impose significant costs in terms of travel expenses and lost work time for potential witnesses. *Id.* ¶¶ 15–16. Factor2 seems to have only two identifiable employees, both of whom are located in Virginia, not D.C. *See* Gill Decl. ¶¶ 4–5; Ex. 3, ECF No. 18-5; Ex. 4, ECF No. 18-6. Granted, D.C. is closer to Virginia than California is, so it will be somewhat more convenient for Factor2 to litigate this action here. Factor2 also argues that because discovery is likely to be electronic, the convenience of the parties "is not significantly affected by the location of the trial court." Pl.'s Opp'n at 7. That is wrong. Litigation in federal court encompasses more than discovery. If this case proceeds to trial, or if the court holds in-person pretrial proceedings, the location of the trial court is material. This factor therefore weighs slightly in favor of transfer.

The final two factors are convenience to potential witnesses and ease of access to sources of proof.  TikTok's potential witnesses are all based in California or China, and of those, the overwhelming majority are based in the Northern District of California.  O'Connor Decl. ¶¶ 6–7, 9–13, 16–17, 20.  California is much closer to China than D.C. is.  Gill Decl. ¶ 6 (noting that the Northern District of California is approximately 1,000 miles closer than D.C. to the China-based witnesses).  Potential non-party and third-party witnesses are also located in California.  O'Connor Decl. ¶ 17, 19–20.  Factor2 does not identify a single witness for whom a D.C.-based trial would be more convenient, *see generally* Pl.'s Opp'n, so that factor leans heavily in favor of transfer.  *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 377 (D.D.C. 2012) ("The convenience of the witnesses has been described as the most critical factor to examine when deciding a motion to transfer." (internal quotation omitted)).  Because the evidence in this case is likely to consist of electronic documents, the Court agrees with Factor2 that ease of access to sources of proof is neutral.  *See* Pl.'s Opp'n at 10–12.

### 3.  Public Interest Considerations

The Court now turns to the public interest considerations: the transferee court's familiarity with the governing laws; the relative congestion of the two courts; and local interest in the controversy.  The Court concludes that the first two factors are neutral and the third weighs in favor of transfer.

Both this Court and the Northern District of California could competently handle the legal issues presented.  *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (where "both courts are competent to interpret the federal statutes involved . . ., there is no reason to transfer or not transfer based on this factor").  Second, it is not clear whether a patent case would move to trial faster in the Northern District of the California or in this District.  *See*

Pl.'s Opp'n at 12; *United States v. H & R Block, Inc.*, 789 F. Supp. 2d 74, 84 (D.D.C. 2011) (noting that "statistics provide, at best, only a rough measure of the relative congestion of the dockets in the two districts"). The relative congestion factor is therefore neutral. The Court agrees with TikTok, however, that the Northern District of California has a greater interest in this controversy than the District of Columbia does. *See* Mot. Transfer at 23–24. TikTok is a "large contributor" to the Northern District of California's economy. *Id.* The District of Columbia has no connection to this dispute and therefore has no local interest in it. The last public interest factor therefore weighs in favor of transfer.

* * *

Taken together, the factors tip the scales sufficiently that the Court believes this case belongs elsewhere. The Court will therefore grant TikTok's motion to transfer.

### B. Motions to File Under Seal

The Court now turns to TikTok's unopposed motions to seal. TikTok has moved to file under seal portions of its motion to transfer, portions of its reply, and excerpts of some supporting declarations. *See generally* First Mot. Seal; Second Mot. Seal. TikTok argues that parts of those documents should be sealed because they describe confidential business information. The Court agrees.

Though the public generally has a right to access judicial records, that right is not absolute. *See In re Leopold*, 964 F.3d at 1127. It can be overcome by "findings that disclosure is essential to preserve higher values and is narrowly tailored to serve that interest." *New York v. Microsoft Corp.*, No. 08-cv-1233, 2002 WL 649385, at *1 (D.D.C. Mar. 28, 2002) (internal quotation marks and citation omitted). Courts regularly permit parties to file under seal where doing so protects "an entity's 'competitive standing' through retained confidentiality in business

information." *Id.* (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978); *see also United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020) ("Valid privacy and property interests are not limited to personal details, but may also include confidential business information that should be kept private for competitive business reasons.").

Because the filings to be sealed encompass the same sensitive subject matter, the Court applies the six *Hubbard* factors to them together.  Those factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22).

First, the public has no significant interest in the documents to be filed under seal, which deal with TikTok's confidential business operations.  First Mot. Seal at 3.  Second, the public has never had access to the information and documents TikTok seeks to seal, *id.*; Second Mot. Seal at 3, so that factor therefore does not tilt for or against disclosure.  *See Hyatt v. Lee*, 251 F. Supp. 3d 181, 185 (D.D.C. 2017).  Third, Factor2, the nonmovant, does not oppose TikTok's motion to seal, which supports sealing.  First Mot. Seal at 4.  Fourth, TikTok has a strong privacy interest in its confidential business information about its technical operations.[3]  *Id.* at 4–5.  No party opposes disclosure, so the fifth factor is neutral.  Lastly, the documents and information sought to be sealed relate to the motion to transfer, not to the substance of Factor2's claims or TikTok's defenses.  *Id.*  "The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes."  *Hamiduva v. Obama*, No. 08-cv-1221,

---

[3] It is not clear to the Court how the information to be sealed could, if revealed, "threaten[] the safety of [TikTok] employees."  *See* Second Mot. Seal at 4.

2015 WL 5176085, at *3 (D.D.C. Sept. 3, 2015).  Because "there is less of a pressing concern to

unseal pleadings if they are not relevant to the claims," this factor weighs in favor of sealing.

*See United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 69

(D.D.C. 2011).  The Court also notes that TikTok's sealing request is narrowly tailored "to

afford the public the greatest scope of access without compromising" TikTok's "confidential

business information."  Second Mot. Seal at 5.  Having analyzed the six *Hubbard* factors, the

Court finds that the majority weigh in favor of sealing and therefore grants TikTok's motions to

seal.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion to transfer and motions to seal are

granted.  Defendant's motion to dismiss is denied without prejudice to be re-filed upon transfer.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 18, 2025                                                    RUDOLPH CONTRERAS
                                                                              United States District Judge